IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOREEN W. SWANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-24-102-GLJ |
| ) | |
| STATE OF OKLAHOMA, ex rel. ) | |
| The Regional University System of the ) | |
| Oklahoma Board of Regents d/b/a ) | |
| Northeastern State University, ) | |
| ) | |
| Defendant, ) | |
| ) | |

**ORDER**

This matter comes before the Court on Plaintiff's First Motion to Compel & Brief in Support. *See* Docket No. 26. Plaintiff seeks an order compelling the production of the Defendant's employment file of a specific former employee, without wage, salary or tax information. For the reasons stated below, Plaintiff's First Motion to Compel & Brief in Support [Docket No. 26] is GRANTED.

**Procedural Background**

On March 19, 2024, Plaintiff filed her complaint in this matter. Plaintiff brings this case for sex discrimination and hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Count I) and Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§ 1681-1688 (Count II), and retaliation under Title VII and Title IX (Count III). *See* Docket No. 2. Specifically, Plaintiff alleges that while she was working as a Graduate Assistant in the Northeastern State University's ("NSU")

1

Graduate College, her direct supervisor, Joshua McCollum, harassed and sexually discriminated her. *See* Docket No. 2, ¶¶ 6, 10-13. Plaintiff alleges that after complaining to McCollum's supervisor, Cari Keller, Dean of NSU's Graduate College, she was retaliated against and ultimately terminated. *Id*., ¶¶ 14-26.

During deposition, Plaintiff learned that McCollum previously stalked and harassed another NSU student/employee he supervised and, after an investigation, NSU wrote a memo deemed a final warning regarding McCollum's conduct and corrective action. *See* Docket No. 26, pp. 3-5. Subsequently, the NSU student/employee was terminated. After the deposition, Plaintiff's counsel followed up with a letter requesting certain documents, including the personnel file and materials regarding the former NSU student/employee subject to the McCollum stalking complaint. *Id*., Ex. 4. Although Defendant initially stated it would produce the requested personnel records, it subsequently changed its position, stating its earlier statement was in error and that it will not produce the NSU student/employee's personnel file. *Id*., Exs. 1 & 2. Plaintiff filed her motion to compel.

**Analysis**

I.   **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). While the scope of discovery under Rule 26(b)(1) is broad, it "is not without limits and the trial court is given wide discretion in balancing the needs and rights" of the parties. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (internal quotation marks omitted). In other words, "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *LoganTree LP v. Garmin International, Inc.*, 339 F.R.D. 171 110 Fed. R. Serv.3d 538 (D. Kan. (2021) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Moreover, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under [Rule] 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Johnson v. Kraft Foods*

*N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006). But "when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Id*.

## II.    Discoverability of NSU Student/Employee Personnel File

Plaintiff argues that the limited personnel file of the specified NSU student/employee is relevant in this case because her allegations involve McCollum, the similarity of McCollum's treatment in this incident to Plaintiff's allegations, and because the NSU student/employee was similarly terminated after complaining to Ms. Keller. *See* Docket No. 26, p. 7. Defendant responds that the NSU student/employee was not employed in the same department as Plaintiff, that personnel files may contain highly sensitive personal information and that Plaintiff is engaged in an impermissible fishing expedition. *See* Docket No. 27.

While it is true that "personnel files often contain sensitive personal information . . . and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly[,]" *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 1008), Plaintiff has limited her request to exclude certain sensitive financial information and demonstrates that the remainder of the personnel file might contain relevant information. Indeed, Plaintiff specifically excludes wage, salary and tax information from her request.[1]

---

[1] Although Plaintiff references Document Request No. 5, it is not clear this request actually covers the personnel file at issue. However, because neither party addresses the issue, the Court presumes the request as set forth in Plaintiff's counsel's letter is adequate to constitute a formal request that can properly support a motion to compel under Rule 37(a)(2)(B). Compare *Sithon Mar. Co. v. Mansion*, 1998 WL 182785, at *1-2 (D. Kan. Apr. 10, 1998) (explaining why a letter request is not the equivalent of a formal discovery request) with *Hoffman v. United Telecomms., Inc.*, 1985

*See* Docket No. 26. Moreover, because the NSU student/employee's file may contain information of similar treatment to that of Plaintiff after complaining about McCollum harassing her, the Court finds it is seeking potentially relevant information and is not simply a fishing expedition. Defendant does not meet its burden of establishing the lack of relevance of the requested file. Lastly, to the extent the personnel file contains confidential or sensitive personal information, such information is protected from disclosure pursuant to the protective order entered on December 11, 2024 [Docket No. 31]. *See Arnold v. City of Olathe, Kan.*, 2020 WL 1847731, at *1 (D. Kan. April 13, 2020) (granting motion to compel personnel file, noting that the potentially "highly personal and confidential" information they contain is exactly the type of information contemplated to be protected when seeking a protective order).

## Conclusion

Accordingly, Plaintiff's First Motion to Compel & Brief in Support [Docket No. 26] is GRANTED.

IT IS SO ORDERED this 18th day of December 2024.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**

---

WL 162, at *6 (D. Kan. Mar. 23, 1985) (determining that a letter that contained clear requests for specific categories of documents in three separately enumerated paragraphs constituted a request for production under Rule 34).